JOURNAL ENTRY AND OPINION
Everett Humphreys appeals a judgment of the trial court sentencing him to six months for the offense of receiving stolen property. On appeal, he assigns the following as error for our review:
 I. THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW AND THE COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT SENTENCED THE APPELLANT TO A SIX (6) MONTH PRISON TERM IN CONTRAVENTION OF STATUTORY FELONY SENTENCING GUIDELINES AS CONTAINED IN THE OHIO REVISED CODE.
 II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND COMMITTED PLAIN ERROR WHEN IT RELIED ON AN INCOMPLETE PRESENTENCE REPORT, UNCHARGED CONDUCT, PRESENTENCE REPORTS OF CO-DEFENDANTS, AND DISMISSED CHARGES IN SENTENCING THE DEFENDANT.
Having reviewed the arguments of the parties and the applicable law, we affirm the judgment of the court.
The trial court sentenced Humphreys to six months incarceration for receiving stolen property. The property involved was construction equipment stolen from construction sites by four other defendants, ages 19-26, one of whom worked for Humphreys. The total value of the property was over $130,000.
The trial court before sentencing, outlined how it reached its decision to impose jail time as opposed to community control sanctions. The court stated:
 [It] has considered the record, oral statements, any victim impact statement, the presentence report, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution.
The court then found that the factors of R.C. 2929.13(B)(1) were present and justified prison time. The court stated the defendant was a participant in organized criminal activity. Furthermore, the court stated:
 The Court reaches that conclusion because a preponderance of the evidence shows that four other defendants, ages 19-26, one of whom was an employee of defendant, engaged in a series of planned thefts of expensive and large equipment from construction contractors. The equipment had a value of over $130,000 and its market was only to other construction contractors. It was not practical to steal such equipment unless buyers were identified before the thefts occurred. Given the ages, the general status of the thieves, and the equipment they were selling, no buyer from them could reasonably fail to recognize that the equipment being offered by them was stolen. Defendant Humphreys made purchases on at least two separate occasions. The number of purchases by Humphreys, the relationship of the seller to him, and the apparent likelihood that the seller was offering stolen equipment confirm the statements of other defendants that Humphreys not only purchased the equipment knowing that it was stolen, but was aware that the equipment was to be stolen and, thus, offered a market for it before the thefts occurred. His failure to report the thefts to the police after he admittedly knew that he purchased stolen equipment further supports the conclusion that he was a knowing participant in an organized criminal activity.
 The Court further finds that a prison sentence is consistent with the purposes and principles of sentencing under R.C. 2929.11 because a prison sentence is commensurate with the seriousness of the offender's conduct and its impact on the victim, because it is reasonably necessary to deter the offender in order to protect the public from future crime, and because it would not place an unnecessary burden on governmental resources.
 The reason for imprisonment is that defendant knowingly participated in an organized criminal activity of substantial magnitude.
 The particular activity of theft of construction equipment would not have been practical unless defendant made known to his employee (one of the thieves) that he would purchase the equipment. The preponderance of the evidence indicates that such willingness was communicated before defendant's first purchase and it, without doubt, was communicated before the second purchase. The age of the defendant and the fact that he was in the construction business himself makes his conduct more serious than that of someone who normally purchases stolen property. His acts caused not only a financial loss to a particular victim, but they also encouraged extensive further theft and caused damage to the competitive economic system. Thus, prison is necessary to deter others in the industry from similar conduct and to afford punishment which is commensurate with the seriousness of defendant's conduct.
 Defendant's conduct is more serious than that of the 19 and 20 year old thieves who did not receive prison. It is more serious than that of the 20 year old who was sentenced to six months at the Harbor Light work release program, fined $10,000, and ordered to be under community control for four years, because defendant's greater maturity and his status as a construction contractor stood as an encouragement to the theft activities of others. It was as serious as that of the 26 year old mentally retarded offender with a prior criminal record who was sentenced in this case to six months in prison.
 Defendant's conduct is comparable to that of a person in the auto repair business or an auto dealer who buys stolen cars. Prison sentences for such offenders are proper. See, State v. Anderson-Melton, 1999 WL 960785 (2d District, Ohio Ct. App., Montgomery County, 7-23-99); see also, Griffen and Katz, Ohio Felony Sentencing Law, ST4, 14, 3 (2000 Edition) (collecting authorities).
In the sentencing transcript, the trial judge explained that he was not pleased with the pre-sentence report because the property in the pre-sentence report was not the same as the property listed in the receiving stolen property indictment. The trial court then went on to say that to resolve the inconsistency, the trial court would rely on Detective Guth. Detective Guth then outlined for the court the property at issue in the case. The trial court never concluded that the entire report was unreliable. Although the court did say as to the inconsistency it was a terrible pre-sentence report. This appeal questions the sentencing as well as the use of the pre-sentence report to justify the prison time imposed.
In his first assignment of error, Humphreys argues the court erred when it sentenced him to six months incarceration for a first offense because it failed to make a finding that he was not amenable to the imposition of community control sanctions.
In sentencing an offender for a felony of the fifth degree, such as in this case, the sentencing court determined Humphreys committed the offense of receiving stolen property as part of an organized criminal activity.[1] If the court makes such a finding, considers the factors set forth in R.C. 2929.12, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, and finds the offender is not amenable to community control sanctions, the court shall impose a prison term.[2]
In this case, the trial court stated:
 THE COURT: * * * I'm satisfied he is part of an organized criminal activity and he knew he was. * * * * * *
 THE COURT: It seems to me part of the purpose of any sentence is to make a statement about the seriousness of what he has done. * * *
* * *
 THE COURT: * * * And I think the appropriate sentence here is to send him to prison.
Additionally, the court's journal entry of sentencing states the court considered all of the required factors of law and found prison to be consistent with the purpose of R.C. 2929.11. The court then imposed a term of six months incarceration.
Nevertheless, Humphreys argues the trial court is required to state the following language as a finding in order to comply with R.C.2929.13(B)(1)(e):
 I find that you are not amenable to community controls sanctions.[3]
It is the dicta of State v. Wilson that expounds this result. The facts show that the trial court in Wilson did in fact state on the record that Wilson was not amenable to community control sanctions. What the trial court failed to do in Wilson was to make a determination as to whether or not any of the factors in R.C. 2929.13(B) applied. This court in Wilson then said we further find that the trial court failed to give its reasons for selecting the prison sentence imposed. (Emphasis added.) This court then made it clear that its concern was the trial court's failure to give its reasons why Wilson was not amenable to community control sanctions. We read Wilson to mean that the trial court must make the finding that the defendant is not amenable to community control sanctions and state its reasons for this finding. We conclude that the reasons are the enumerated factors in R.C. 2929.13(B) and any other reasons that might be used to justify prison over community controls.
Several cases seem to suggest the same conclusion reached by State v. Wilson, which is the trial court must find the defendant is not amenable to community control sanctions and give its reasons from the factors listed in R.C. 2929.13(B)(1).[4]
Accordingly, we conclude that although the trial court did not use the magic words that Humphreys was not amenable to community control sanctions, it is clear to us that the trial court reached this finding. We have held that the magic words are not necessary when the record supports the finding.[5]
In his second assignment of error, Humphreys asserts the court erred when it relied on an incomplete pre-sentence report, uncharged conduct, pre-sentence reports of co-defendants, and dismissed charges when it sentenced him.
Although we recognize the trial court's displeasure with the pre-sentence report on Humphreys, we note that based on the evidence presented on the charge of receiving stolen property and in light of the court's findings with respect to sentencing, we conclude the court had enough evidence before it to warrant the sentence it imposed. The trial court acknowledged the existence of uncharged conduct in the report and therefore did not rely on it. Accordingly, Humphreys' second assignment of error lacks merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES J. SWEENEY, J., CONCUR.
[1] R.C. 2929.13(B)(1)(e).
[2] State v. Wilson (August 24, 2000), Cuyahoga App. No. 77561, unreported.
[3] State v. Wilson (August 24, 2000), Cuyahoga App. No. 77561, unreported.
[4] State v. Brown (August 31, 2001), Hamilton App. No. C-000817; State v. Samples (Sept. 2001), Cuy. App. No. 78753; State v. Arroyo (Sept. 28, 2000), Cuy. App. No. 77672, unreported.
[5] State v. Haamid (June 28, 2001), Cuy. App. Nos. 78220 and 78221, unreported.